ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JUAN RAMÓN JORGE NEGRÓN<br><br>Apelante | TA2025AP00105<br><br><br><br>consolidado con | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm. I5CR202400009<br><br>Sobre:<br>Art. 241 (A), CP<br>Alteración A La Paz |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JUAN RAMÓN JORGE NEGRÓN<br><br>Peticionario | TA2025CE00169 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm. I5CR202400009<br><br>Sobre:<br>Art. 241 (A), CP<br>Alteración A La Paz |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparece Juan Ramón Jorge Negrón ("señor Jorge Negrón") mediante recurso apelativo clasificado alfanuméricamente como **TA2025AP00105** y solicita que revisemos una *Sentencia* dictada el 23 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Mediante el referido dictamen, el TPI encontró culpable al apelante por el delito de alteración a la paz y, como consecuencia, le impuso una multa de $200.00, más el pago de una pena especial de $100.00.

A su vez, el señor Jorge Negrón comparece mediante recurso clasificado alfanuméricamente como **TA2025CE00169** y nos solicita que revisemos una *Resolución* dictada el 14 de julio de 2025, notificada el 15 de

julio de 2025, por el TPI. En virtud de la aludida determinación, el *foro a quo* denegó la solicitud de fianza en apelación instada por el peticionario.

Por los fundamentos que expondremos a continuación, se *modifica* la *Sentencia* apelada mediante el recurso **TA2025AP00105**, a los únicos efectos de hacer constar que el señor Jorge Negrón no hizo una alegación de culpabilidad y, así modificada, se *confirma*. Además, se expide el auto de *certiorari* y se *revoca* la *Resolución* recurrida mediante el recurso **TA2025CE00169**.

## I.

Por hechos acontecidos el 27 de noviembre de 2023, el Ministerio Público presentó una denuncia contra el señor Jorge Negrón por el delito de alteración a la paz, según tipificado en el Art. 241 (a) del Código Penal, 33 LPRA sec. 5331.

Tras varias instancias procesales, el 23 de abril de 2025 se celebró el juicio en su fondo. El Ministerio Público presentó el testimonio de Sara Bourdoig Ruperto ("señora Bourdoig Ruperto") y del agente Marcos A. Vélez Ramos ("agente Vélez Ramos"). Aquilatada la prueba testifical, el foro de instancia, en corte abierta, declaró culpable al señor Jorge Negrón y le impuso una multa de $200.00, más el pago de $100.00 por una pena especial. Ese mismo día, el TPI notificó una *Sentencia* mediante la cual dispuso lo siguiente:

> Vista la **alegación de culpabilidad, el Tribunal acepta la misma** y, en consecuencia, declara culpable a la persona acusada del delito ART. 241A, CP, y lo condena a la pena de $200.00 DE MULTA O UN DÍA DE CÁRCEL POR CADA $50.00 QUE DEJE DE PAGA[R]. SE LE IMPONE EL PAGO DE LA PENA ESPECIAL DE $100.00.[1]

Inconforme, el 9 de julio de 2025, el señor Jorge Negrón compareció ante esta Curia mediante el recurso clasificado alfanuméricamente como **TA2025AP00105** y le imputó al foro de instancia la comisión del siguiente señalamiento de error:

> **Erró el Honorable Tribunal de Primera Instancia al encontrarme culpable en virtud de una prueba que no**

---

[1] Apéndice del recurso TA2025AP00105, Anejo Núm. 2.

**derrotó mi presunción de inocencia y mucho menos estableció mi culpabilidad más allá de duda razonable.**

El 14 de julio de 2025, notificada el 16 de julio de 2025, este Tribunal emitió una *Resolución* mediante la cual le concedimos un término al señor Jorge Negrón para presentar su alegato, acompañado de la regrabación del juicio en su fondo. A su vez, le concedimos al Ministerio Público un término de treinta (30) días para presentar su alegato en oposición, contado a partir desde que el señor Jorge Negrón presente su alegato.

Por otro lado, el 18 de julio de 2025, la parte peticionaria instó el recurso clasificado alfanuméricamente como **TA2025CE00169**. El señor Jorge Negrón realizó el siguiente señalamiento de error:

**Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de fianza en apelación bajo la Regla 198, de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 198.**

Por estar intrínsicamente relacionados, consolidamos ambos recursos mediante *Resolución* emitida el 6 de agosto de 2025, notificada el 7 de agosto de 2025. No obstante, mantuvimos los términos otorgados anteriormente. El 24 de agosto de 2025, el señor Jorge Negrón presentó su *Alegato del Apelante*, acompañado de la transcripción de la prueba oral ("TPO") desfilada durante el juicio en su fondo. Transcurrido el término dispuesto para que el Ministerio Público presentara su oposición, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA

sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle*

*Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

De conformidad con el Art. 241 del Código Penal, *supra*, incurre en el delito menos grave de alteración a la paz, toda persona que realice cualquiera de los siguientes actos:

(a) **perturbe la paz o tranquilidad de una o varias personas con conducta ofensiva que afecte el derecho a la intimidad en su hogar, o en cualquier otro lugar donde tenga una expectativa razonable de intimidad;**

(b) perturbe la paz o tranquilidad de una o varias personas mediante palabras o expresiones ofensivas o insultantes al proferirlas en un lugar donde quien las oye tiene una expectativa razonable de intimidad; o

(c) perturbe la paz o tranquilidad de una o varias personas en forma estrepitosa o inconveniente mediante vituperios, oprobios, desafíos, provocaciones, palabras insultantes o actos que puedan provocar una reacción violenta o airada en quien las escucha.

(Énfasis suplido)

Para que una persona incurra en el delito de alteración a la paz, es un requisito indispensable que se demuestre que la paz o tranquilidad del destinatario efectivamente se alteró. *Pueblo v. Casillas Díaz*, 190 DPR 398, 425 (2014); *Pueblo v. De León Martínez*, 132 DPR 746 (1993). El Tribunal Supremo ha aclarado que la paz es perturbada cuando se invade la sensación de seguridad y tranquilidad que toda persona siente al amparo de la protección de la ley. *Pueblo v. Rodríguez Lugo*, 156 DPR 42, 51 (2002). Asimismo, ha manifestado que el Ministerio Público tiene la responsabilidad de probar todos los elementos del delito de alteración a la paz más allá de duda razonable. *Pueblo v. Casillas Díaz, supra.*

**-C-**

La Constitución de Puerto Rico garantiza a toda persona acusada de delito el derecho fundamental a la presunción de inocencia. CONST. PR, art. II, § 11. Además, la Regla 304 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 304 (1), ha incorporado este imperativo constitucional. Asimismo, la

Regla 110 Procedimiento Criminal, 34 LPRA Ap. II, R. 110, reitera el precitado derecho fundamental: "[e]n todo proceso criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá. [...]". A su vez, dicha norma constituye uno de los imperativos del debido proceso de ley al exigir que una persona acusada en un proceso criminal se presuma inocente, mientras no se demuestre lo contrario. *Pueblo v. Irizarry*, 156 DPR 780, 786 (2002). *Pueblo v. León Martínez*, 132 DPR 746, 764 (1993). Para rebatir tal presunción, nuestro ordenamiento requiere que el Estado establezca la culpabilidad una persona imputada de delito más allá de duda razonable. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146 (2020). *Pueblo v. Toro Martínez*, 200 DPR 834, 855-56 (2018). *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986). En otras palabras, se exige un *quantum* probatorio de más allá de duda razonable para controvertir la presunción de inocencia. *Pueblo v. Santiago*, 176 DPR 133, 142 (2009).

El concepto de "duda razonable" implica necesariamente aquella que produce insatisfacción o intranquilidad en la conciencia del juzgador respecto a la evidencia presentada en el caso. *Pueblo v. Irizarry, supra*, pág. 788. Sobre este requisito, el Tribunal Supremo ha expresado que:

> El Ministerio Fiscal no cumple con ese requisito presentando prueba que meramente sea "suficiente", esto es, que "verse" sobre todos los elementos del delito imputado; se le requiere que la misma sea "suficiente en derecho". Ello significa que la evidencia presentada, "además de suficiente, tiene que ser satisfactoria, es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación" o en un ánimo no prevenido [...] Esa "insatisfacción" con la prueba es lo que se conoce como "duda razonable y fundada". *Pueblo v. De Jesús Mercado, supra*, pág. 476, citando a *Pueblo v. Cabán Torres,* 117 DPR 645 (1986).

Por lo tanto, el *quantum de más allá de duda razonable* aplica para "cada uno de los elementos del delito, la conexión de estos con el acusado y la intención o negligencia de éste". *Íd., Pueblo v. Santiago, supra.* Cabe destacar que nuestro más Alto Foro ha expresado que:

> La determinación de que cierta prueba es suficiente para demostrar la culpabilidad del acusado más allá de duda razonable es una cuestión de raciocinio, producto de un análisis de todos los elementos de juicio del caso y no una mera

duda especulativa o imaginaria. *Pueblo v. De Jesús Mercado, supra,* pág. 475-76.

**-D-**

Como es sabido, la apreciación de la prueba que realiza el TPI en el ejercicio de su sana discreción está revestido de confiabilidad y merece nuestro respeto y deferencia. *Argüello v. Argüello,* 155 DPR 62, 79 (2001) citando a *Pueblo v. Bonilla Romero,* 120 DPR 92, 111 (1987). En vista de lo anterior, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Pueblo v. Santiago et al.,* 176 DPR 133, 148 (2009); *Pueblo v. Acevedo Estrada,* 150 DPR 84, 99 (2000). Al respecto, nuestro más Alto Foro ha expresado lo siguiente:

> [...] no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más útil para la investigación de la verdad: la observación. *Pueblo v. Toro Martínez,* 200 DPR 834, 857 (2018), citando a *Ortiz v. Cruz Pabón,* 103 DPR 939, 947 (1995).

A esos efectos, el Tribunal Supremo de Puerto Rico ha resuelto que **un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto**. *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994) (Énfasis suplido).

En consecuencia, este Tribunal Apelativo no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción, o; (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

sustantivo. *Pueblo v. Irizarry,* 156 DPR 780, 789 (2002); *Pueblo v. Maisonave Rodríguez,* 129 DPR 49, 62-63 (1991). De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Pueblo v. Martínez Landrón,* 202 DPR 409, 424 (2019) citando a *Pueblo v. Maisonave Rodríguez, supra,* pág. 63. De manera que, este Tribunal solo podrá intervenir con la apreciación del foro juzgador si, luego de evaluar minuciosamente la prueba del caso, guardamos serias, razonables y fundadas dudas acerca de la culpabilidad del acusado. *Pueblo v. Casillas, Torres,* 190 DPR 398, 415-417 (2014).

### III.

El señor Jorge Negrón solicita que revoquemos la *Sentencia* mediante la cual fue encontrado culpable del delito de alteración a la paz. Como único señalamiento de error, alega que su culpabilidad no fue probada más allá de duda razonable.

En el caso de autos, el Ministerio Público tenía la obligación de probar más allá de duda razonable que el señor Jorge Negrón: (1) perturbó la tranquilidad de una o varias personas; (2) con conducta ofensiva que afectó su derecho a la intimidad; (3) en un hogar o en un lugar donde tenían una expectativa razonable de intimidad.

Tras un examen detenido de la TPO, no encontramos razón para intervenir con la apreciación de la prueba realizada por el foro de instancia. Conforme surge del testimonio de la señora Bourdoig Ruperto, el día de los hechos esta se encontraba tranquila en su casa.[2] Detalló que, una vez el acusado llegó a su residencia, notó que había un vehículo estacionado frente al lugar, el que le estaba impidiendo el paso.[3] Relató que el señor Jorge Negrón comenzó a gritar palabras soeces dirigidas hacia el esposo de la testigo, quien se encontraba dentro de su hogar.[4] Añadió que, como acto seguido, el acusado se marchó hacia la casa del hermano de la señor

---

[2] *Véase,* TPO, pág. 13.
[3] *Íd.,* págs. 13-14.
[4] *Íd.,* págs. 14-15.

Bourdoig Ruperto, quien vivía a una distancia corta, y también le comenzó a gritar.[5] Como resultado de la situación, expresó que se sentía nerviosa, drenada y frustrada.[6]

Mediante la prueba testifical el Ministerio Público logró demostrar todos los elementos constitutivos del delito de alteración a la paz. En otras palabras, evidenció que el señor Jorge Negrón perturbó la paz de la señora Bourdoig Ruperto, mientras esta se encontraba tranquila en su hogar. Por todo lo cual, resulta forzoso concluir que la culpabilidad del acusado fue probada más allá de duda razonable.

Ahora bien, mediante la determinación apelada el foro de instancia, por error o inadvertencia, dispuso que el señor Jorge Negrón hizo una alegación de culpabilidad. En el caso de autos, el señor Jorge Negrón fue encontrado culpable tras la celebración de un juicio en su fondo, donde el foro sentenciador tuvo amplia oportunidad de aquilatar la prueba desfilada en su contra. Por tanto, el TPI deberá modificar la *Sentencia* apelada, a los efectos de corregir la mencionada falta.

Por otra parte, mediante el recurso clasificado alfanuméricamente como **TA2025CE00169**, el señor Jorge Negrón solicita que revoquemos la *Resolución* en virtud de la cual el foro de instancia denegó su petición de fianza en apelación. Señala que la fianza en apelación procede, como cuestión de derecho, cuando se apela una sentencia imponiendo solamente el pago de una multa. Le asiste la razón. Veamos.

La Regla 198 de Procedimiento Criminal, 34 LPRA, Ap. II, R. 198, la cual regula la fianza en apelación, especifica lo siguiente:

> Después de convicto un acusado, excepto en el caso de delitos que aparejen pena de reclusión de noventa y nueve (99) años, si éste entablare recurso de apelación o de certiorari para ante el Tribunal de Circuito de Apelaciones, se admitirá fianza:
>
> (a) **Como cuestión de derecho**, cuando se apele de una sentencia imponiendo solamente el pago de multa.
>
> [...]
>
> (Énfasis y subrayado suplido)

---

[5] *Íd.*, pág. 16.
[6] *Íd.*, págs. 17.

Dicho de otra manera, cuando se apele una sentencia que únicamente impuso el pago de una multa, el tribunal viene obligado a conceder una solicitud de fianza en apelación. En estos casos, su concesión no recae en la discreción del tribunal. Ante el hecho de que la *Sentencia* apelada en el recurso de epígrafe únicamente impuso el pago de una multa, el foro de instancia incidió al denegar la solicitud de fianza en apelación instada por el señor Jorge Negrón.

**IV.**

Por los fundamentos que anteceden, se *modifica* la *Sentencia* apelada mediante el recurso **TA2025AP00105**, a los únicos efectos de hacer constar que el señor Jorge Negrón no hizo una alegación de culpabilidad y, así modificada, se *confirma.* Además, se expide el auto de *certiorari* y se *revoca* la *Resolución* recurrida mediante el recurso **TA2025CE00169**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre, sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones